Tucker, P.
The value of the appellee’s services was the only matter in litigation in this case; and I am clearly of opinion, that it would have been much better settled had he brought his suit at law, than it can be before a commissioner of the court of chancery. Were the case properly in court, I should think that an issue should have been directed rather than an account. It is not, in short, a case for an account, and therefore this court has not jurisdiction of it. It is a simple question of quantum meruit, which is always best settled by a jury of the country.
There are two grounds on which it was contended that a court of equity has jurisdiction of the case. The first is, that the plaintiff had a good defence at law, which he was prevented from making by surprize or *241 accident. But this cannot avail him, because the facts . , „ ,, 1 he states were, if true, clearly susceptible oí proof, and that proof has not been adduced. In this regard, then, the case stands nakedly thus—that the plaintiff seeks here to arrest a judgment at law, upon a ground of defence which might have availed him in a court of law, and which he neglected to make. Such an attempt cannot receive the countenance of this court. A long train of decisions, no longer necessary to be cited or reviewed, leaves us no room for hesitation in dismissing such a case from the equitable forum.
The second ground on which the jurisdiction was supposed to rest, is the character of the demand. And here, I readily admit, that if the court had jurisdiction of the subject or demand, though it was improper to award an injunction, yet the court might properly proceed with the cause, provided the right of the party was not concluded by the trial at law. I am inclined to think, in this case, it was not so concluded. My impression is, that the demand of Carson against Morgan was not a good legal set-off; for unliquidated damages are not a matter of set-off at law, more than in equity. And, moreover, a defendant has the election either to set off his demand, or if he prefers it, to institute his cross action. The omission of Carson, then, to sot off his claim for services did not conclude his right to recover the value of them. But the question recurs, whether this demand was a proper subject of equitable jurisdiction ? I think it was not. It is an action in equity for damages, arising, indeed, out of a contract, but still a naked action for damages. This cannot be sustained in equity. In Robertson v. Hogsheads, 3 Leigh 667. 673. it was said—“ A bill for damages only will not lie in equity. The court could only ascertain these damages by sending the case to a court of law. To that court, therefore, the party should apply, instead of clogging the litigation by a suit in equity, which could *242 only end where he ought to have begun. Would it be jusb defendants should be charged with the costs of this unnecessary proceeding?” Ought the suitor to be permitted to go through the court of chancery, to get into the court of law, instead of going into the court of law at once ? Surely, this would be a gross abuse in any system of jurisprudence. Again, in Smith v. Maries, 2 Rand. 449. a bill was filed by a carpenter against his employer, to recover the balance due him for building a house. Now, this was exactly like the case at bar, which is for services performed as an overseer. Both are cases of quantum meruit. In that case, judge Carr, delivering the opinion of the court, observed—“ In the case before us, I think a court of law can not only give a remedy, but a more complete remedy than a court of equity. It is a simple matter of contract and work and labour. The plaintiff says, he has built the house according to contract and must be paid. The'defendant says, he has done his work badly,” [so says Morgan here] “has broken his contract, and has received as much as he deserves. Now, this seems to me a case peculiarly apt for the decision of a jury .of the country; men who understand these matters, and who, with the witnesses before them, with counsel to assist, and a court to superintend the whole, would settle fairly such a matter as this in one hour : whereas in equity, it has been depending nineteen years. The commissioner charges for 76 hours, making a fee of 57 dollars. The record is stuffed with innumerable depositions, and the costs of the whole cannot be less than 200 dollars. Is not this monstrous ?” Accordingly, this court affirmed the chancellor’s decree dismissing the bill, and turning the party round, after nineteen years, to begin de novo at- law. It cannot but strike the most careless observer, that every word in this opinion tells in its application to the assertion, in a court of equity, of Carson’s demand for compensation as an over *243 seer. The cases are, in the view we are now taking, altogether parallel, and this must share the fate which overtook that after a fruitless race of nineteen years.
I am of opinion, therefore, that the decree be reversed, and the bill dismissed.
The other judges concurred. Care, J. added, (by way, he said, of exclusion of a conclusion) that he did not think the excuse alleged in the bill for the failure to make defence at la,w, would have been sufficient to sustain the jurisdiction, even if it had been proved, which it was not. The case was assumpsit on a (quantum, meruit for work and labour done, and was altogether unfit for a court of equity.
Decree reversed, and bill dismissed.